Filed 6/30/26  P. v. Dixon CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROBERT JOE DIXON, JR.,<br><br>        Defendant and Appellant. | A169449<br><br>(Solano County<br>Super. Ct. No. FCR277399) |

**MEMORANDUM OPINION[1]**

In January 2012, Robert Joe Dixon, Jr. was convicted of assault with a firearm on Samuel King (Pen. Code,[2] § 245, subd. (a)(2)) (count 1); first-degree murder of Kevin Domino (§ 187, subd. (a)) (count 2); premeditated attempted murder of Kristopher Battle and Jamal Williams (§§ 187, subd. (a), 664) (counts 3 and 4, respectively); shooting at an inhabited dwelling (§ 246) (count 5); and various firearm enhancements.  Dixon was sentenced to prison for a determinate term of 24 years, four months, on counts 1 and 5, and an indeterminate consecutive

---

[1] We resolve this case by memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

[2] All undesignated statutory references are to the Penal Code.

term of 110 years to life, plus four life terms with possibility of parole, on the remaining three counts. (*People v. Dixon* (A140051, Oct. 3, 2017) [nonpub. opn.].)

As relevant here, as part of his determinative sentence, the trial court imposed and stayed a prior prison term enhancement under section 667.5, subdivision (b). In October 2022, the court appointed counsel for Dixon after receiving notice from then California Department of Corrections and Rehabilitation that he is eligible for resentencing under Penal Code section 1172.75, subdivision (a), which declares that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."[3] After considering briefing submitted by the parties, the court denied Dixon's request for resentencing on the ground that he was not entitled to relief because the enhancement had been stayed.

The question before us is whether a defendant is eligible for resentencing under section 1172.75 when punishment for the enhancement was imposed but stayed by the original sentencing court. Although the Attorney General initially argued that a defendant is not entitled to resentencing when the enhancement is stayed, in a letter submitted after briefing was complete, the Attorney General withdrew the argument and conceded that in

---

[3] The trial court's order references section 1171.1 which was renumbered, without substantive change, as section 1172.75 effective June 30, 2022. (Stats. 2022, ch. 58, § 12.) We will refer to section 1172.75 in this opinion.

light of the California Supreme Court's decision in *People v. Rhodius* (2025) 17 Cal.5th 1050, Dixon is eligible for resentencing.

In *People v. Rhodius, supra*, 17 Cal.5th at page 1068, the court held that "section 1172.75(a) applies to enhancements that were imposed as part of the defendant's original judgment, regardless of whether the enhancement was stayed or executed. If the enhancement is no longer authorized under the current version of section 667.5(b), section 1172.75(a) renders the enhancement invalid.  And the retroactive invalidation of the previously imposed enhancements in turn mandates resentencing under section 1172.75, according to the procedures set forth therein."  Accordingly, we reverse the order denying resentencing and remand for resentencing under section 1172.75, subdivision (d).

We decline Dixon's invitation to instruct the trial court how to exercise its discretion on remand.  In addition to a claimed error in the "kill zone" instruction, Dixon argues that the sentencing court should consider:  (1) that at the time of the offenses he was a youthful adult with difficulties early in life; (2) imposing the lower term on count 5; (3) striking enhancements under section 1385; and (4) whether there should be a proceeding under *People v. Franklin* (2016) 63 Cal.4th 261 to develop evidence for a future youth offender parole hearing.  As the Attorney General argues, apart from the claimed instructional error that we resolve by separate opinion adjudicating Dixon's petition for habeas corpus, Dixon has not

3

developed any argument that these additional issues are grounds for reversal, all of which may be considered by the trial court on remand. Dixon identifies no basis for us to opine on them here.

## DISPOSITION

The order denying resentencing is reversed. The matter is remanded to the trial court with directions to recall Dixon's sentence and resentence him under section 1172.75, subdivision (d).

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
MOORMAN, J. *

---

*Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.